UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAS SOMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA HEALTH SYSTEM,<br><br>Defendant. | Case No.17-cv-06076-JD<br><br>**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

In this putative class action, plaintiff Jas Soman alleges claims against her former employer, defendant Alameda Health System ("AHS"), under the Fair Credit Reporting Act ("FCRA") and the California Investigative Consumer Reporting Agencies Act ("ICRAA"). AHS moves to dismiss the second amended complaint ("SAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 44. The FCRA claim is dismissed, and the Court declines to exercise supplemental jurisdiction over the state law claim.

## BACKGROUND

As alleged in the SAC, Soman applied in 2016 for a surgical technician position with AHS. She signed an employment application that authorized a background check into her work history, and released AHS from liability for the investigation. Dkt. No. 42, Ex. A (the "Application").

In conjunction with the Application, AHS gave Soman written disclosures about the nature and scope of the background check and her associated rights under the FCRA and the ICRAA in separate documents that are attached to the SAC and incorporated by reference. *Id*., Exs. B (FCRA disclosure) and C (ICRAA disclosure). Each disclosure was captioned in bold, all-caps font with: **"NOTICE REGARDING BACKGROUND INVESTIGATION [IMPORTANT -- PLEASE READ CAREFULLY BEFORE SIGNING ACKNOWLEDGMENT]."**

The FCRA disclosure, which is the center of attention here, described in detail the types of reports and other background information that AHS might obtain in connection with the

Application. In addition, it advised Soman, among other statements, that she had the right to request a "disclosure of the nature and scope of any investigative consumer report" about her, and provided the name and address of the outside agency that handled the investigation. The disclosure expressly invited Soman to "carefully consider" exercising her right to obtain any consumer reports. The FCRA disclosure also contained an "Acknowledgment and Authorization" stating that Soman acknowledged receipt of the disclosures. Soman signed the FCRA disclosure. *See generally, id.*, Ex. B.

Soman's lawsuit is based largely on three text boxes featured in the FCRA disclosure. The boxes consist of a few lines of text separated graphically from the main body of the disclosures that advise applicants in California, New York, Minnesota, and Oklahoma that they have the right under state law to get a copy of any consumer reports obtained by AHS. Soman affirmatively checked the California box to indicate that she wanted a copy of her reports. *Id*.

Soman passed the background check and was hired, but left her position after about five months for unstated reasons. She originally filed this case in a California superior court. AHS removed based on a federal question under the FCRA. Dkt. No. 1. Soman alleges claims under the FCRA, 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), 1681g(c), and under the ICRAA, Cal. Civ. Code 1786.16(a)(2).

## LEGAL STANDARDS

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).

"In a facial jurisdictional challenge, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in plaintiffs' favor." *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 951 (N.D. Cal. 2018) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). "In a factual challenge, the Court 'may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment' and 'need not presume the

2

truthfulness of the plaintiff's allegations.'" *Id.* (quoting *Safe Air*, 373 F.3d at 1039) (citations omitted). This discretion should be used with caution so that it does not usurp a merits determination. A "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (quotation omitted).

To meet the pleading requirements of Rule 8(a) and Rule 12(b)(6), a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements or unwarranted deductions. *Id.*; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. While the Court generally looks just to the complaint on a motion to dismiss, it may consider attached exhibits and documents incorporated by reference. *Jones v. Progressive Cas. Ins. Co.*, Case No. 16-cv-06941-JD, 2018 WL 4521919, at *2 (N.D. Cal. Sept. 19, 2018).

**DISCUSSION**

The SAC is Soman's third effort at stating a plausible FCRA claim. The Court dismissed the prior amended complaint because it did not provide enough non-conclusory facts to allege a plausible claim, and did not include a statement of the Court's jurisdiction. Dkt. Nos. 32, 41. The question now is whether Soman has a viable claim under the FCRA in light of the actual FCRA disclosure she received and signed, and which is incorporated into the SAC.

The statutory backdrop for the motion is straightforward. As our circuit has determined, the FCRA is Congress's response to concerns that prospective employers were obtaining and

3

using consumer and credit reports in ways that might infringe on the privacy rights of job applicants. *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017). The statute implements Congress's goal of safeguarding a job applicant's right to control the use of sensitive personal information. *Id*. at 502. It requires a prospective employer to disclose to an applicant that it may obtain her consumer and other reports for employment purposes, and that the applicant can prevent that by withholding authorization. *Id*. at 496. In this fashion, Congress intended to protect the applicant's privacy and give her a fair chance to dispute any errors or inaccuracies in the reports before the employer might decline a job offer based on them. *Id*. at 496-97.

To these ends, the FCRA mandates that an employer cannot obtain a consumer report for employment purposes unless it makes "a clear and conspicuous disclosure" in writing before the report is obtained, in a document that consists "solely" of the disclosure, and the applicant authorizes the collection of the report in writing. 15 U.S.C. § 1681b(b)(2)(A).

The gravamen of the SAC is that the text boxes in the FCRA disclosure amounted to "extraneous and superfluous language" that violated the "clear and conspicuous" and "solely" requirements. *See* Dkt. No. 42 ¶¶ 22-24, 49, 51. Soman also contends that the disclosure did not adequately advise her about the right "to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested." *Id*. ¶ 62.

AHS argues that the text boxes advising residents of certain states that they have accretive rights under state law could not possibly make the FCRA disclosure non-compliant for saying more than what was "solely" required, or making the disclosures unclear. *See generally* Dkt. No. 44-2. AHS approaches the issue as a matter of Article III standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) and Rule 12(b)(1). In effect, AHS contends that even if the text boxes might, for the sake of discussion, be deemed superfluous, they amount to a "bare procedural violation" of the FCRA "divorced from any concrete harm" sufficient to confer standing under Article III for an injury-in-fact. *Id*. at 1549; *see also Patel v. Facebook, Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) (plaintiff must demonstrate standing to sue by alleging the "irreducible constitutional minimum" of (1) an "injury in fact" (2) that is "fairly traceable to the challenged conduct of the defendants" and (3) "likely to be redressed by a favorable judicial decision.")

4

(quoting *Spokeo*, 136 S. Ct. at 1547).

The point is well taken. The argument could also be cast under Rule 12(b)(6) for failure to state a plausible claim, but other courts have approached the analysis as an Article III standing problem. *See, e.g.*, *Syed*, 853 F.3d at 499. Either way, it is hard to see how Soman's complaint is actionable. The three state-law boxes are not of a sort that would make the notice in the FCRA disclosure less than clear and conspicuous in any meaningful way, or violate the intent of being "solely" disclosures. Visually, they are easy to read because they are distinguished from the main text by a box featuring bold print to catch the eye of residents in the relevant states. The text within each box is short and to the point, and in the same font as the rest of the document. Content-wise, they are wholly consistent with Congress's intent to protect applicants' rights by advising them in plain words of state-law rights that enhance the FCRA's disclosure requirements. These rights are wholly consistent with the goals and policies embodied in the FCRA.

The boxes are not at all akin to the extraneous language found improper in *Syed*, a case Soman relies on heavily. There, a broad liability waiver was combined with the disclosure about obtaining consumer reports. *Id*. at 497-98. No waiver language is present in the FCRA disclosure here. To the contrary, the liability waiver Soman signed was in the separate "Application" form and not in the FCRA disclosure. Dkt. No. 42, Exs. A, B. Moreover, the boxes that Soman challenges did not give up or limit her rights, as in *Syed*, but alerted her to the possibility of accretive rights under state law that are in full harmony with the FCRA. The plaintiff in *Syed* also expressly alleged that he did not understand he was authorizing a background check as a result of the extra wording. *Id*. at 499. Soman does not plausibly allege similar confusion, nor could she in light of the plain language in the three boxes.

Consequently, even assuming the challenged language was superfluous in a substantive way, which is not at all clear, Soman fails to allege an injury-in-fact. She does not state any facts showing that she was deprived of her "ability to meaningfully authorize the credit check" or of any information or privacy rights under the FCRA. *Id*. Her conclusory allegations of harm simply parrot the words "clear and conspicuous," and "solely" in the statute, and are no substitute for facts showing a concrete injury. *See, e.g.*, Dkt. No. 42 ¶¶ 56(c) and (d). To the extent the FCRA

5

disclosure might be deficient, the violation is of a purely procedural nature that could not cause genuine harm.

That resolves Soman's challenge to the FCRA disclosure for saying too much. Her claim that it said too little in other respects is equally unavailing. She alleges that AHS violated Sections 1681d(a)(1) and (b) of the FCRA by failing to "inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested." Dkt. No. 42 ¶ 62. But the FCRA disclosure provided precisely the information required by the statute. In pertinent part, it advised Soman of her "right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report." *Id.*, Ex. B. It also stated the name, address, and phone and fax numbers of the vendor AHS uses to conduct background investigations. *Id.*

Soman is unclear about why this was not adequate. She appears to contend that AHS should have included similar information in the "Application" document, Dkt. No. 46 at 14, but she does not point to any such requirement in the FCRA, or explain why the actual notice in the FCRA disclosure might be deficient for not being repeated in the Application. She takes issue with one missing digit in the zip code of the AHS vendor, *id*. at 2, but that minor typo is the quintessence of a procedural misstep that could not cause an injury, *Spokeo*, 136 S. Ct. at 1550, and in any event Soman received the ICRAA disclosure with the vendor's full and accurate address.

## CONCLUSION

The remaining question is whether Soman should be given a fourth opportunity to state a claim under the FCRA. In light of the disclosures incorporated in the complaint, it is highly unlikely she could amend to state an injury-in-fact, or a plausible FCRA violation. In addition, the SAC was filed after the Court raised some of the concerns addressed here in prior proceedings. *See* Dkt. Nos. 34, 45. In these circumstances, the Court's discretion to dismiss with prejudice is "particularly broad." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quotation omitted). Consequently, the FCRA claims are dismissed with prejudice.

The Court declines to exercise jurisdiction over the California state law claim, and dismisses it without prejudice. *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: December 3, 2018

JAMES DONATO
United States District Judge