UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAS SOMAN, <br><br> Plaintiff, <br><br> v. <br><br> ALAMEDA HEALTH SYSTEM, <br><br> Defendant. | Case No. 17-cv-06076-JD <br><br> **ORDER RE MOTION FOR RELIEF FROM JUDGMENT** <br><br> Re: Dkt. No. 58 |

In this putative class action, plaintiff Jas Soman alleged claims against her former employer, defendant Alameda Health System ("AHS"), under the Fair Credit Reporting Act ("FCRA") and the California Investigative Consumer Reporting Agencies Act ("ICRAA"). The thrust of the second amended complaint was that AHS violated the statutes by combining the disclosures they require with boxes highlighting certain related rights under California, New York, Minnesota, and Oklahoma law. Dkt. No. 42. The Court dismissed the second amended complaint with prejudice on December 3, 2018, on the grounds that the state law references were closely tied to the legislative goals of the FCRA and ICRAA, and could not be said to be confusing, misleading or otherwise improper. Dkt. No. 49. Soman filed a notice of appeal on December 11, 2018. Dkt. No. 51.

A few weeks later, on January 29, 2019, the Ninth Circuit published an opinion reaching a different result. In *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019), the circuit reversed summary judgement for the defendant on FCRA and ICRAA claims that challenged the inclusion of additional state law disclosure rights in the FCRA disclosure document. *Id*. at 1171. The court determined that the word "solely" in the FCRA and ICRAA meant just that, and the inclusion of any other terms, even if "closely related" to the purposes of

these statutes, was not permitted. *Id*. at 1175-76. The circuit remanded the matter for further proceedings in light of these conclusions.

The disclosures in *Gilberg* are substantively identical to the ones Soman challenges. Consequently, the Court invited the parties to bring a motion for reconsideration of the dismissal with prejudice. Dkt. No. 53. Soman accepted the invitation and filed a motion under Rule 60(b). Dkt. No. 58.

While it is of course true that the Court cannot enter a reconsideration order while the appeal is pending, the Court may indicate whether it would grant such a motion as an aid to the circuit court. Fed. R. Civ. Pro. 62.1(a)(3). *Gilberg* leaves no doubt that the second amended complaint states a plausible claim, and so the Court would grant the motion if the matter were remanded. In the interests of judicial efficiency and economy, Soman is directed to advise the court of appeals of this order within seven days of the date of filing. Fed. R. Civ. Pro. 62.1(b).

**IT IS SO ORDERED.**

Dated: June 5, 2019

JAMES DONATO
United States District Judge