UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAS SOMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA HEALTH SYSTEM,<br><br>　　　　　Defendant. | Case No. 17-cv-06076-JD<br><br>**ORDER TO SHOW CAUSE** |

On September 25, 2020, plaintiffs filed a notice of settlement stating that the parties had reached a settlement in August 2020, and would file a joint request to remand the case to the Alameda Superior Court. Dkt. No. 85. On October 6, 2020, the parties changed course and advised that Court in a joint status report that they would file a proposed class action settlement for preliminary approval consideration. Dkt. No. 86. Neither a stipulation of remand nor a motion for preliminary approval of a class settlement were filed.

The Court heard nothing more from the parties until October 20, 2021, when plaintiffs filed a motion for remand to California state court. Plaintiffs say that they lack Article III standing to pursue a Fair Credit Reporting Act claim in federal court under the principles discussed in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021). *See* Dkt. No. 87. *TransUnion* was published on June 25, 2021, and plaintiffs do not say why they waited until October 20, 2021, to request a remand. Plaintiffs also do not explain what happened to the joint stipulation of remand, or the proposed class settlement ostensibly reached over one year ago.

This is the second case before the Court in which counsel for the putative class, the Setareh Law Group and Haines Law Group, did not follow up on a notice of settlement and other filings, and then went radio-silent for a prolonged period of time. The Court recently dismissed the other

action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and noncompliance with the Court's orders.  *See Brown v. DG Strategic VII, LLC*, Case No. 3:19-cv-00833, Dkt. No. 70.

A good argument can be made that the same outcome should be ordered here.  Even more than in *Brown*, this cased has lurched erratically for reasons that are not at all clear to the Court.  The Court is concerned that counsel for plaintiffs are not diligently managing their class action cases, to the potential detriment of the named plaintiffs and putative class members.  The lack of diligence also causes an unnecessary drag on the fair and efficient administration of justice, and unduly burdens the Court's supervision of a heavy docket.

Consequently, plaintiffs are directed to show cause in writing by November 10, 2021, why this case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).  Plaintiffs should state whether the settlement reached in August 2020 is still viable.  A failure to meet this deadline will result in a dismissal of the complaint and closure of the case under Rule 41(b).  Defendant should advise the Court by November 10, 2021, if it intends to contest a remand.

**IT IS SO ORDERED.**

Dated:  November 3, 2021

JAMES DONATO
United States District Judge